KAREN R. FROSTROM, ESQ. (SBN 207044)
frostrom@tbmlawyers.com
THORSNES BARTOLOTTA McGUIRE LLP
2550 Fifth Avenue, 11th Floor
San Diego, California 92103
Tel: (619) 236-9363 Fax: (619) 236-9653

Attorneys for Plaintiff ASHWANI JAISWAL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE COURT

| | |
|---|---|
| ASHWANI JAISWAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DICKEY'S BARBECUE RESTAURANTS, INC.,<br><br>　　　　Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT FOR DAMAGES**<br><br>Trial Date:　　None set |

Plaintiff Ashwani Jaiswal alleges as follows under information and belief unless otherwise stated:

1. Ashwani Jaiswal is a resident of Beaumont, California in Riverside County, California. He acquired three Dickey's franchises in Temecula, Beaumont, and Moreno Valley, California.

2. Defendant Dickey's Barbecue Restaurants, Inc. is a Texas corporation with its principal place of business at 4514 Cole Avenue, Suite 1015, Dallas, Texas 95205.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that there is complete diversity of citizenship between all of the Plaintiffs and all Defendants and the amount in controversy exceeds $75,000.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial

part of the events or omissions giving rise to the claims occurred in the judicial district.

5. Defendant Dickey's sells franchise stores to franchisees nationwide. Dickey's restaurants are a combination of quick service/fast casual dining experience, specializing in barbecue.

6. On October 7, 2021, Mr. Jaiswal signed a Dickey's franchise agreement for a store in Beaumont.

7. On March 30, 2022, Mr. Jaiswal signed a Dickey's franchise agreement for a store in Morena Valley.

8. On April 28, 2022, Mr. Jaiswal signed a Dickey's franchise agreement for a store in Temecula.

9. All three franchise agreements contained the following provisions:

    a. Section 4.2 – Dickey's will collect a 6% royalty;

    b. Section 4.12 – Franchisees are required to use the Sparks Point of Sale system;

    c. Section 5.1 – Franchisees are required to participate in "all advertising, marketing, and promotion programs in complete accordance with the terms and conditions established by Dickey's for each program."

    d. Section 5.6 – Dickey's will establish pricing requirements governing the prices that the franchisees for which they can sell Dickey's products;

    e. Section 5.8 - Dickey's will collect a 3% marketing fee;

    f. Section 8.26 – Dickey's requires its franchisees to cooperate with food delivery services.

10. Since the inception of these three franchises, Dickey's has consistently and significantly overcharged for its 9% royalty/marketing fee. The Sparks system appears to be part of the problem. The delivery services are another part of the problem. Dickey's internal systems are yet another part of the problem.

11. Dickey's requires its California franchisees to charge the same prices as the stores in Texas, a number of which are corporate-owned. Dickey's also does not allow its franchisees to

charge premium prices for deliveries to cover the costs of those services. These pricing policies set up the California franchisees for failure.

## FIRST CAUSE OF ACTION

### Price Fixing

12. All preceding allegations are incorporated herein by reference.

13. Unlawful price fixing is an agreement to set, raise, lower, maintain, or stabilize the prices to be charged for a product or service.

14. Dickey's sets the prices to be charged for its products and forces franchisees to agreement to maintain those prices.

15. Plaintiff has been harmed by this price fixing in an amount to be proven at trial, which harm was substantially caused by Defendant.

## SECOND CAUSE OF ACTION

### Breach of Contract

16. All preceding allegations are incorporated herein by reference.

17. There are three contracts between Plaintiff and Defendant related to the three Dickey's franchises that Plaintiff operates.

18. Under those agreement, Dickey's is only entitled to collect a 6% (of net revenues) franchise fee and a 3% (of net revenues) marketing fee.

19. Dickey has breached that term of the agreement by collecting in excess of its cumulative 9% from Plaintiff's net revenues.

20. Dickey agreed not to make technology charges.

21. Dickey breached that agreement by charging technology charges for Boost.

22. That breach has caused harm to Plaintiff in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### Breach of Covenant of Good Faith and Fair Dealing

23. All preceding allegations are incorporated herein by reference.

24. There are three contracts between Plaintiff and Defendant related to the three Dickey's franchises that Plaintiff operates.

25. Plaintiff did all, or substantially all, of the significant things that the contract required from him.

26. Defendant prevented Plaintiff from enjoying all of the benefits under the contract by entering into agreements with various delivery services calling for a nearly 50% fee on the cost of food delivered. Those agreements also vested in Dickey's the ability to dictate promotions about which Plaintiff was not previously advised or to which Plaintiff consented.

27. By engaging in this conduct, Defendant did not act fairly and in good faith.

28. Defendant's conduct caused harm to Plaintiff in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### Interference with Prospective Economic Advantage

29. All preceding allegations are incorporated herein by reference.

30. Plaintiff and various food delivery services were in an economic relationship that probably would have resulted in an economic benefit to Plaintiff.

31. Defendant knew about this relationship.

32. Defendant engaged in wrongful conduct.

33. By engaging in that conduct, Defendant intended to disrupt the relationship and/or knew that disruption of the relationship was certain or substantially certain to occur.

34. The relationship was disrupted.

35. Plaintiff was harmed.

36. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

## FIFTH CAUSE OF ACTION

### Violation of Business and Professions Code § 17200, *et seq.*

37. All preceding allegations are incorporated herein by reference.

38. Defendant has engaged in unfair practices related to collection of its royalties.

39. Defendant has engaged in unfair practices related to dealings with delivery companies.

40. Defendant has engaged in fraudulent practices related to collection of its royalties.

41. Defendant has engaged in fraudulent practices related to dealings with delivery

companies.

42. Defendant has engaged in unlawful practices related to collection of its royalties.

43. Defendant has engaged in unlawful practices related to dealings with delivery companies.

44. Defendant has engaged in unlawful practices by stealing Plaintiff's money.

**PRAYER FOR RELIEF**

Wherefore Plaintiff prays for relief as follows:

**As to the First Cause of Action:**

1. For damages;
2. For treble damages;
3. For injunctive relief;
4. For costs of suit;
5. For attorneys' fees; and
6. For such other relief that the Court deems appropriate.

**As to the Second Cause of Action:**

7. For damages;
8. For injunctive relief;
9. For costs of suit;
10. For attorneys' fees; and
11. For such other relief that the Court deems appropriate.

**As to the Third Cause of Action:**

12. For damages;
13. For injunctive relief;
14. For costs of suit;
15. For attorneys' fees; and
16. For such other relief that the Court deems appropriate.

**As to the Fourth Cause of Action:**

17. For damages;

1551622v1  COMPLAINT FOR DAMAGES

18. For injunctive relief;
19. For costs of suit;
20. For attorneys' fees; and
21. For such other relief that the Court deems appropriate.

**As to the Fifth Cause of Action:**

22. For injunctive relief;
23. For restitution;
24. For declaratory relief;
25. For costs of suit;
26. For attorneys' fees; and
27. For such other relief that the Court deems appropriate.

Dated: September 18, 2023                THORSNES BARTOLOTTA McGUIRE LLP

By: _____
KAREN R. FROSTROM, ESQ.
Attorneys for Plaintiff
ASHWANI JAISWAL

6

**COMPLAINT FOR DAMAGES**

1551622v1