KAREN R. FROSTROM, ESQ. (SBN 207044)
frostrom@tbmlawyers.com
THORSNES BARTOLOTTA McGUIRE LLP
2550 Fifth Avenue, 11th Floor
San Diego, California 92103
Tel: (619) 236-9363 Fax: (619) 236-9653

Attorneys for Plaintiff ASHWANI JAISWAL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE COURT

| ASHWANI JAISWAL, | Case No.: 5:23-cv-01921-JGB-SP |
|---|---|
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO VACATE THE COURT'S ORDER OF DISMISSAL PURSUANT TO F.R.C.P. RULE 60** |
| DICKEY'S BARBECUE RESTAURANTS, INC., | |
| | Date: July 14, 2025 |
| | Time: 9:00 a.m. |
| | Dept: Courtroom 1 |
| Defendant. | Judge: Hon. Jesus Bernal |
| | Trial Date: None set |

Movant hereby submits this reply memorandum of points and authorities in support of the motion to vacate the dismissal. In its extremely late opposition, Dickeys argues that it was always ready to pay its portion of arbitration fees if Mr. Jaisal paid his. This is a patent lie. As confirmed by Exhibit "I" to the Motion, the outstanding arbitration fees were Dickeys'. Mr. Jaiswal had paid in full and indeed was owed a refund after Dickeys failed to make its payment after multiple notifications of the ramifications failed to make its own payment and the arbitration was dismissed. (Exhs. "1," "2" and "3" hereto.) Movant does not, as the opposition argues, "allege" that Mr. Jaiswal paid his share, such has been proven by communications from AAA.

While it is true that Mr. Jaiswal did, as is allowed, request a ruling from AAA that all arbitration costs be paid by Dickey's, the large corporation who demanded the arbitration, what is

also true is that AAA denied that request and required Mr. Jaiswal to pay his share, which he did. (Exh. "4" hereto.) As such, it is irrelevant that Dickey's objects to Mr. Jaiswal's request for apportionment. That request was denied. Mr. Jaiswal paid his share. Dickey's did not.

The motion is based on solid legal grounds. Dickey's contends that the motion threatens a final judgment with successive litigation. The truth is that what Dickey's wants is for Mr. Jaiswal to be completely barred from seeking resolution of this dispute – it wishes to deprive Mr. Jaiswal of his legal right to have this dispute resolved judicially. When Mr. Jaiswal filed this case in this court, Dickey's vehemently objected and demanded arbitration. The Court allowed this and ordered the case to arbitration. Mr. Jaiswal complied with all the requirements of the arbitration. Dickey's did not. As such the arbitration was dismissed. If Mr. Jaiswal is not allowed to reopen his District Court case, he will have been completely denied justice. Such cannot be the request. As such, Movant requests that the motion be granted and that he be allowed to achieve final albeit delayed justice.

Dated: June 30, 2025

THORSNES BARTOLOTTA McGUIRE LLP

By: _____
KAREN R. FROSTROM, ESQ.
Attorneys for Plaintiff
ASHWANI JAISWAL

# EXHIBIT "1"

 Outlook

## RE: Refund for case 01-24-0003-3754-1-CO

From  AAA Chimdimma Onyedebelu, LLM <ChimdimmaOnyedebelu@adr.org>
Date  Fri 2/21/2025 10:45 AM
To    'ajai4@yahoo.com' <ajai4@yahoo.com>
Cc    Karen R. Frostrom <frostrom@tbmlawyers.com>; Audrey Kennedy <kennedy@tbmlawyers.com>; AAA Chimdimma Onyedebelu, LLM <ChimdimmaOnyedebelu@adr.org>

Dear Claimant,

Thank you for your email.

On August 20, 2024, the AAA requested a total of **$58,300.00** to cover the Arbitrator's anticipated compensation for this matter. The parties were billed their allocated share and the due dates were set as listed below:

- Pre-hearing time deposit in the amount of **$11,925.00** - due by **September 20, 2024**
- Hearing and Post-hearing time deposit in the total amount of **$17,225.00** - due by **May 29, 2025**
- AAA Final Fee from any party with a claim is due by **May 29, 2025**

On **October 7, 2024**, we received your payment of **$11,925.00** as your share of the Arbitrator's Compensation deposit for Pre-hearing time. Despite multiple reminders, we never received the Respondent's deposit. On January 7, 2025, the Arbitrator issued a Suspension Order giving parties **30 days** to comply with the deposit requirement or the matter shall be terminated. In our January 22, 2025 email correspondence to Claimant's Counsel and our January 28, 2025 letter to parties, we reminded parties of the option available under the AAA Commercial Rules that allows a party to make a deposit on behalf of the non-paying party to avoid interruption of the case. While we prefer not to ask this of a party that has met its deposit obligations, the burden of funding the process falls on the parties. Per our Rules, if a party pays deposits on behalf of a non-paying party, the paying party may make a claim for those amounts in the arbitration.

We did not receive the outstanding payment from either party by the due date of February 6, 2025 and closed the case on February 11, 2025, in line with the Arbitrator's Suspension Order. In our February 12, 2025 email correspondence to parties, we informed the parties of the Arbitrator's directive that both parties make full payment of all requested deposits by **March 5, 2025**, otherwise the case will remain closed.

If the AAA does not receive the requested deposits by the due date, the case will remain closed and **we will refund all unused deposits** to the parties.

Please let me know if you have any further questions.

Sincerely,

Chi



**AAA Chimdimma Onyedebelu, LLM**
**Director of ADR Services**

American Arbitration Association
T: 346 589 6468 E: ChimdimmaOnyedebelu@adr.org
9 Greenway Plaza, Suite 1275, Houston, TX 77046
adr.org | icdr.org | aaaicdrfoundation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

# EXHIBIT "2"

AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

Andrew Barton
Vice President
18756 Stone Oak Parkway, Suite 200
San Antonio, TX 78258
Telephone: (210)998-5750
Fax: (855)267-4082

October 22, 2024

Karen Frostrom, Esq.
Thorsnes Bartolotta McGuire, LLP
2550 5th Avenue
Suite 1100
San Diego, CA 92103
Via Email to: frostrom@tbmlawyers.com

Mary G. Nix, Esq.
Lynn Pinker Hurst & Schwegmann LLP
2100 Ross Avenue
Suite 2700
Dallas, TX 75201-2739
Via Email to: mnix@lynnllp.com

Case Number: 01-24-0003-3754

Ashwani Jaiswal
-vs-
Dickey's Barbeque Restaurants, Inc.

Dear Parties:

On August 20, 2024, the American Arbitration Association (the AAA) asked each party to deposit $11,925 for anticipated compensation of the arbitrator

We have not yet received **Respondent Dickey's Barbeque Restaurants, Inc.**'s deposit of **$11,925**. If you believe that this is an error, please contact me as soon as possible.

It is important that we stay on schedule with the arbitrator compensation deposits. The arbitrator has submitted an invoice which cannot be paid in full as the Association has not received payment for compensation deposits from both parties. The Respondent will receive an invoice with payment options by separate correspondence and payment is **due upon receipt**.

Failure to make deposits by the established due date may result in the Arbitrator suspending the proceeding.

Payments can be paid online using our Quick Pay option. A unique Pay PIN can be found on your invoice. To pay an invoice or statement, please visit www.adr.org, select "File or Access Your Case" and then choose "Quick Pay an Invoice."

Thank you for your attention to this matter, and please do not hesitate to contact me with any questions.

Sincerely,

*/s/ Chimdimma Onyedebelu*

Chimdimma Onyedebelu
Director of ADR Services
Direct Dial: (346)589-6468
Email: chionyedebelu@adr.org

cc:   Michael K. Hurst, Esq.
      Jamie R. Drillette
      Tonia D. Ashworth
      Audrey Kennedy

# EXHIBIT "3"



# Receipt from American Arbitration Association

Receipt #1767-3309

**AMOUNT PAID**
$12,235.05

**DATE PAID**
Oct 7, 2024, 1:32:51 PM

**PAYMENT METHOD**
VISA - 4288

**SUMMARY**

American Arbitration/ICDR transaction, Invoice:14073514 Case:012400033754 ($11,925.00); Surcharge ($310.05); PaymentID:4246                $12,235.05

**Amount charged**                $12,235.05

Ashwani
951-403-0581

# EXHIBIT "4"

# Audrey Kennedy

| | |
|---|---|
| **From:** | Dani Lesins <LesinsD@adr.org> |
| **Sent:** | Friday, May 3, 2024 10:35 AM |
| **To:** | Audrey Kennedy |
| **Cc:** | Karen R. Frostrom |
| **Subject:** | RE: Jaiswal v. Dickey's Barbeque Restaurants, Inc - Case # 01-24-0003-3754 |

Dear Counsel for Claimant,

After reviewing the submission for a fee waiver on case # 01-24-0003-3754, the AAA has determined to deny the request for a hardship waiver.

At this time, ask that you remit the $6,775 balance of the fee due on your undisclosed claim or submit an amended demand containing an estimated range of claims consistent with the fee schedule along with the appropriate fee. Please note that if the estimated monetary claim is less than $300,000, the applicable filing fee is $3,500, which is the minimum fee for non-monetary claims.

A secure paylink will be sent for the undisclosed fee balance following this email for online payment.

Once we receive the above on or before <u>Friday, May 10, 2024</u>, we will assign the case to a case manager for administration.

Best regards,



**Dani Lesins**
**Case Filing Specialist**
**(She/Her/Hers)**

American Arbitration Association
International Centre for Dispute Resolution
T: 856 626 5459  E: LesinsD@adr.org
1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043
adr.org | icdr.org | aaamediation.org

